**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GARCIA RODRIGUEZ,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>DANIEL E. CREED, Superior Court Judge, Santa Clara; et al.,<br><br>            Defendants - Appellees. | No. 11-16975<br><br>D.C. No. 5:11-cv-01008-JF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

   Jose Garcia Rodriguez, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with the imposition and enforcement of

_____

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

restitution as part of his criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Rodriguez's § 1983 claim against defendants Bratty and Brinkley because public defenders performing traditional lawyer functions are not state actors. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defenders are not state actors).

Dismissal of Rodriguez's § 1983 claim against Director Terhune and Warden Lopez was proper because Rodriguez failed to allege sufficient facts to show that these defendants deprived him of a federal right. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (setting forth the elements of a § 1983 claim); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.").

Dismissal of Rodriguez's § 1983 claim against Judge Creed was proper because Judge Creed is immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against a judicial officer "unless a declaratory decree was violated

11-16975

or declaratory relief was unavailable"); *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (affirming dismissal of § 1983 claim against a judge because "the judge is absolutely immune for judicial acts").

To the extent that Rodriguez is attempting to invalidate the state court's judgment imposing restitution, his claims are barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The district court did not abuse its discretion by denying leave to amend because it is clear that amendment would have been futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**AFFIRMED.**

11-16975